IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TCHIKEN'S LUASAMBU GILBERT    \*

    \*

v.    \*    Civil Case No. PX-17-1111

    \*

COMMISSIONER, SOCIAL SECURITY    \*

    \*

\*\*\*\*\*\*\*\*\*\*\*\*

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's pending Motion for Summary Judgment, and the various filings from Mr. Gilbert.[1] [ECF Nos. 16, 17, 19, 20]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Commissioner's motion be denied, the Commissioner's decision be reversed in part, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

After several previous denials of disability benefits, Mr. Gilbert filed this application for Supplemental Security Income on May 30, 2014, alleging a disability onset date of May 6, 2010. (Tr. 150-60). His application was denied initially and on reconsideration. (Tr. 66-90, 107-10,

---

[1] Mr. Gilbert did not file a Motion for Summary Judgment by his October 16, 2017 deadline. *See* [ECF No. 12]. Instead, on both January 19, 2018 and February 14, 2018, he filed new documents entitled "Complaint," which were docketed as supplements to his original Complaint. [ECF Nos. 16, 20]. After the Commissioner filed her Motion for Summary Judgment on January 29, 2018, Mr. Gilbert filed a document entitled "Motion for Summary Judgment," but due to the timing, it was filed as his Opposition to the Commissioner's Motion. [ECF No. 19]. Each filing has been considered in full.

115-16). A hearing was held on October 14, 2016, at which Mr. Gilbert waived his right to representation and proceeded *pro se*. (Tr. 28-65). After the hearing, on January 11, 2017, the Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 12-22). After reviewing additional medical records submitted by Mr. Gilbert, the Appeals Council ("AC") denied review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-4).

The ALJ found that, during the relevant time frame, Mr. Gilbert suffered from the severe impairments of "degenerative disc disease, osteoarthritis, status-post right toe fracture and affective mood disorder." (Tr. 14). Despite those severe impairments, the ALJ determined that Mr. Gilbert retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; must avoid moderate exposure to hazards including moving machinery and unprotected heights; he can perform simple, routine, repetitive tasks but no work involving production rate for pace of work.

(Tr. 16). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Mr. Gilbert could perform. (Tr. 21-22). Therefore, the ALJ concluded that Mr. Gilbert was not disabled. (Tr. 22).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). The function of this Court is not to review Mr. Gilbert's claims *de novo* or to reweigh the evidence of record. *See Smith v.*

*Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g). I am unable to recommend that finding here, because the ALJ did not develop an adequate record.

At step one, the ALJ found in Mr. Gilbert's favor that he had not engaged in substantial gainful activity since his application date. (Tr. 14). Turning to step two, however, in assessing a case in the Fourth Circuit, "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986) (citing *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981); *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980)). The ALJ's duty to develop the record is enhanced in cases, like Mr. Gilbert's, involving self-represented claimants. *See Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980). At his hearing, Mr. Gilbert told the ALJ about medical appointments occurring in June or July of 2016, at which he received a tentative diagnosis of cancer. (Tr. 44-45). Somewhat inexplicably, the ALJ told Mr. Gilbert, "I see it in the materials," (Tr. 45), but this Court is unable to locate any medical records from 2016 in the file. In fact, there are only two medical records from early 2015, and one of those relates to an eye doctor appointment. (Tr. 1192-93, 1261-62). The ALJ does not appear to have taken any steps to identify or obtain Mr. Gilbert's more recent medical records, despite his testimony that he sought medical treatment.

Importantly, after the ALJ's opinion, while the case was before the AC, Mr. Gilbert submitted a very limited set of medical records from January, 2017, reflecting that he had been

experiencing deep vein thrombosis in his upper extremities and had been diagnosed with a bladder tumor requiring resection. (Tr. 1398-1423). The AC did not reference those diagnoses at all, despite the indication that the symptoms and medical treatment pre-dated the ALJ's opinion a few days prior, and did not remand the case for further inquiry.[2] (Tr. 1-4). In light of the clearly incomplete medical record from 2015-2016 and the uncontroverted testimony that Mr. Gilbert attended medical appointments during that time frame, this Court is unable to determine whether the ALJ's conclusions are supported by substantial evidence. Remand is therefore warranted to allow the ALJ to obtain and consider all of Mr. Gilbert's relevant medical records.

In addition, although not constituting independent grounds for remand, I note that the ALJ's Listing discussion is somewhat lacking in detail, and that the ALJ could have better explained his reasons for discrediting Mr. Gilbert's subjective allegations of disabling pain. On remand, the ALJ should consider whether to provide additional analysis on both points.

Although Mr. Gilbert repeatedly suggests that this Court can award benefits without remanding the case to the Commissioner, the Fourth Circuit in *Radford v. Colvin* explained that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." 734 F.3d 288, 295 (4th Cir. 2013). Moreover, it is not evident that Mr. Gilbert is entitled to receive disability benefits. The case should be remanded to permit the Commissioner to collect a full and complete record on which to make a determination regarding Mr. Gilbert's eligibility.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY

---

[2] Mr. Gilbert also suffered from a blood clot and pulmonary embolism in 2012, which resolved with treatment. (Tr. 888).

Defendant's Motion for Summary Judgment, [ECF No. 17]; REVERSE IN PART the decision of the Commissioner; REMAND the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this Report and Recommendations; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: February 26, 2018                           /s/
                                          Stephanie A. Gallagher
                                          United States Magistrate Judge